

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Thomas L. Blanton, Jr.
County Attorney
Shackelford County
Albany, Texas

Dear Sir:

Opinion No. O-1476
Re: After re-districting justice precincts, would one local option election be sufficient for the new district made out of two, or would it be necessary to hold two elections?

Your request for an opinion on the questions as are herein stated has been received by this department.

Your letter reads in part as follows:

"Justice Precinct No. 1 in Shackelford County, in which is located the City of Albany, is wet in so far as the sale of beer that does not contain alcohol in excess of four per cent and malt and vinous beverages that do not contain alcohol in excess of 14 per cent are concerned, but it is dry in so far as hard liquors are concerned.

"Justice Precinct No. 2 of Shackelford County is wet in so far as all intoxicating liquors are concerned.

"Justice Precinct No. 3 is wet in so far as the sale of beer that does not contain alcohol in excess of four per cent is concerned.

GENERAL OR FIRST ASSISTANT

"A local option election was held on Saturday, October 29, in each of these precincts which govern the present status.

"Justice Precinct No. 2 of Shackelford County comprises a very small portion of the County in the northern part with only some fifty or sixty votes. There is no Justice of Peace provided for in this justice precinct, and so far as I know there has not been in the last thirty or forty years. Recently the Commissioners Court of Shackelford County has changed Commissioners Precinct No. 2, which until said change comprised the same territory as Justice Precinct No. 2.

"In order to know how to advise the Commissioners Court, I would appreciate it if you would give me your opinion upon the following questions, to-wit:

"(1) In the event of a re-districting of Justice Precincts Nos. 1 and 2 by the Commissioners Court, so that Justice Precinct No. 1 shall include all of Justice Precinct No. 2, would a local option election held in the new Justice Precinct No. 1 after October 29, 1939, govern the local option statuss of what has heretofore been Justice Precinct No. 2; or

"(2) Would it be necessary to hold a separate election in the territory now comprising Justice Precinct No. 2 in order to establish the status of that particular locality?

"I submit this request for an opinion because of the reasoning of the Supreme Court in the case of Houchins vs. Plainos, 110 SW (2d) 549, in which case the Court says, on page 555: 'Of course, any such area has the right to become wet by so voting at an election legally ordered and held for that purpose under present local optionsstatutes. In

this connection, however, we again note that such election must be held in the same area that originally voted dry.'

"The situation, of course, is different in the present case, as Precinct No. 2 is now wet and I am not clear whether the rule laid down with reference to Houston Heights would apply if Justice Precinct No. 2 were placed in Justice Precinct No. 1 and the new Justice Precinct No. 1 should vote dry.

"(3) If it is your opinion that a local option election in the new Justice Precinct No. 1, comprising what is now Justice Precinct No. 1 and No. 2 should be held, what would be the issues to be submitted to the voters. Under my construction of Section 40 of Article 666 of the Penal Code issues d, e and f should be used if the election for what is now Justice Precinct No. 2 would have to be held within the confines of the old precinct. Under the decision of Houchins vs. Plainos, and if the election should be held in what now comprises Precinct No. 1 issues numbers g and h should be used. I realize that the answer to question No. 3 will depend to a great extent upon your answer to one and two, but I would appreciate your advising as fully as possible on the questions involved."

In 1935, Article 16, Section 20 of the Texas Constitution was again amended to authorize the sale of all liquors within the State of Texas in such counties or areas as should by local option legalize the same. Pursuant to this amendment, the 44th Legislature passed what is commonly known as the "Texas Liquor Control Act;" Article 1 of this Act, Vernon's Annotated Penal Code, Article 666-1, et seq., provides for three methods of legalization of the various types of liquors, and likewise three degrees of prohibition. The first is the legalization of the sale of vinous and malt liquors that do not contain any alcohol in excess of four per cent, by weight; the second, for the legalization of the sale of vinous and malt liquors that do not contain alcohol in excess of 14 per cent, by volume; and third, for the legalization of the sale of all liquors. The exact converse of these three methods of legalization of the sale of the

Honorable Thomas L. Blanton, Jr.. page 4

various types of liquors are the three degrees of prohibition.

The Texas Liquor Control Act is in two main divisions. The first division has been brought down in Vernon's Annotated Penal Code as Article 666-1, et seq., thereof. The second division is known as Article 667-1, et seq., of the Penal Code. These two divisions are known and referred to as Article 1 and Article 2 of the Texas Liquor Control Act. Article 1 expressly refers to "intoxicating liquors," and Article 2, to "malt liquors" or "beer."

Article 666-3a, Vernon's Penal Code, defines the words "alcoholic beverage" as follows:

"'Alcoholic Beverage' shall mean alcohol and any beverage ccontaining more than one-half of one per cent of alcohol by volume which is capable of use for beverage purposes, either alone or when diluted.

"* * *

"'Liquor' shall mean any alcoholic beverage containing alcohol in excess of four (4) per centum by weight, unless otherwise indicated.* * *

"* * *

"'Wine and vinous liquor' shall mean the product obtained from the alcoholic fermentation of juice of sound ripe grapes, fruits, and berries.

"Any definition contained herein shall apply to the same word in any form. Acts 1935, 44th Leg., 2nd C. S., p. 1795, ch. 467, Art. 1, par. 3-a; Acts 1937, 45th Leg., p. 1053, ch. 448, par. 2."

Article 666-40 sets out in detail the several ballots by which local option elections may be held where various types of liquor may be voted on, the first three ballots to legalize and the second three to prohibit the sale of liquor, as follows:

"The Commissioners' Court upon its
own motion may, or upon petition as herein
provided shall, as provided in Section 32,
Article 1, order local option elections for
the purpose of determining whether alcoholic
beverages of the various types and alcoholic
contents herein provided shall be legalized
or prohibited.

"In areas where any type or classifica-
tion of alcoholic beverages is prohibited and
the issue or issues submitted pertain to leg-
alization of the sale of one or more such pro-
hibited types or classifications, one or more
of the following issues shall be submitted:

"(a). 'For legalizing the sale of
beer that does not contain alcohol in ex-
cess of four (4%) per centum by weight'
and 'Against legalizing the sale of beer
that does not contain alcohol in excess of
four (4%) percentum by weight.'

"(b). 'For legalizing the sale of malt
and vinous beverages that do not contain al-
cohol in excess of fourteen (14%) percentum
by volume' and 'Against legalizing the sale of
malt and vinous beverages' that do not contain
alcohol in excess of fourteen (14%) percentum
by volume.'

"(c). 'For legalizing the sale of all
alcoholic beverages' and 'Against legalizing
the sale of all alcoholic beverages.'

"In areas where the sale of all alcoholic
beverages has been legalized one or more of
the following issues shall be submitted in
any prohibitory election:

"(d). 'For prohibiting the sale of
all beverages that contain alcohol in ex-
cess of four (4%) percentum by weight,'
and 'Against prohibiting the sale of all
beverages that contain alcohol in excess
of four (4%) percentum by weight.'

Honorable Thomas L. Blenton, Jr., page 6

"(e). 'For prohibiting the sale of all alcoholic beverages that contain alcohol in excess of fourteen (14%) percentum by volume' and 'Against prohibiting the sale of all alcoholic beverages that contain alcohol in excess of fourteen (14%) percentum by volume.'

"(f). 'For prohibiting the sale of all alcoholic beverages' and 'Against prohibiting the sale of all alcoholic beverages.'

"In areas where the sale of beverages containing alcohol not in excess of fourteen (14%) percentum by volume has been legalized, and those of higher alcoholic content are prohibited, one or more of the following issues shall be submitted in any prohibitory election:

"(g). 'For prohibiting the sale of alcoholic beverages that contain alcohol in excess of four (4%) percentum by weight' and 'Against prohibiting the sale of alcoholic beverages that contain alcohol in excess of four (4%) percentum by weight.'

"(h). 'For prohibiting the sale of all alcoholic beverages' and 'Against prohibiting the sale of all alcoholic beverages.'

"In areas where the sale of beer containing alcohol not exceeding four (4%) percentum by weight has been legalized and all other alcoholic beverages are prohibited, the following issue shall be submitted in any prohibitory election:

"(i). 'For prohibiting the sale of beer containing alcohol not exceeding four (4%) percentum by weight' and 'Against prohibiting the sale of beer containing alcohol not exceeding four (4%) percentum by weight.'

"Where more than one issue is submitted on a single ballot no ballot shall be counted unless the voter shall vote upon each of the

Honorable Thomas L. Blanton, Jr., page 7

issues appearing on any such ballot; and each such ballot shall have printed thereon the words 'This ballot will not be counted unless the voter shall vote upon each of the issues appearing hereon.' Acts 1935, 44th Leg., 2nd C. S., p. 1795, ch. 467, Art. 1, par. 40; Acts 1937, 45th Leg., p. 1053, ch. 448, par. 30a; Acts 1937, 45th Leg., 1st C. S. , S. B. #20, par. 8.

Section 40 of the Liquor Control Act prescribes one form of ballot to be used in a so-called dry territory where an election is called for the purpose of legalizing the sale of all alcoholic beverages, and another form to be used in a wet territory where an election is called for the purpose of making the sale of all alcoholic beverages legal. Failure to use the form of ballot prescribed by the statutes for an election in a wet territory constitutes a violation of the mandatory provisions of the statute and renders the election void, when seasonably attacked in a proper election contest. (See the case of Moyer, et al v. Kelley, et al, 93 SW (2d) 502, error dismissed.) While the 1935 amendment omitted commissioner precincts as areas in which local option elections might legally be held and preserved as dry areas only the counties, justice precincts, cities or towns which had theretofore been dry areas, a commissioners' precinct which had identically the same area and the same voters as the justice precinct, and which voted dry in 1918, was held to remain dry after the adoption of the 1935 amendment so as to render valid the use of the ballot prescribed by section 40 of the Liquor Control Act, (Vernon's Penal Code, Article 666-40,) to be used in elections and dry areas. (See the case of Talley v. Benson, 96 S.W. (2d) 94.)

If justice precincts Nos. 1 and 2 have been combined or consolidated by acts of the commissioners' court, then such new justice precinct is known as Justice Precinct No. 1. Before combining such justice precincts, Justice Precinct No. 1 was wet in so far as the sale of beer that did not contain alcohol in excess of four per cent and malt and vinous beverages that do not contain alcohol in excess of fourteen per cent, but was dry in so far as hard liquors were concerned. Just-

Honorable Thomas L. Blanton, Jr., page 8

ice Precinct No. 2 was wet in so far as all intoxicating liquors are concerned.

On February 4, 1936, in an opinion written by Hon. Leon O. Moses, Assistant Attorney General, this department held that when one of the three above mentioned provisions has been submitted and voted on favorably by the voters, the same would remain legal until and unless the specific question is again submitted to the voters and is repealed by them.

In the case of Houchins v. Plainos, et al, 110 SW (2d) 549, the Supreme Court of Texas, among other things, held, that under the 1935 amendment of Section 20, Article 16 of the State Constitution, the area of any county, justice precincts, cities or a town that was dry when the amendment went into effect, remains dry with the right to become wet by so voting at an election under present local option statutes held in the same area that originally voted dry, and where a city has ceased to exist as a municipal corporation, it still exists for the purpose of holding local option elections to make the area thereof wet, either as represents all intoxicating liquors, or only as respects wine or beer.

We quote from the above mentioned case as follows:

"* * *it was certainly the law at the time the city of Houston Heights voted to dissolve its corporate existence and annex its territory to the wet city of Houston that when an area voted dry it remained dry until it was voted wet at a subsequent election held in and for the same identical area which had theretofore voted dry, and the change, or even abolition, of the political or corporate entity which comprised such area did not alter this fact or rule of law.* * *"

Local option laws did not permit local option once voted into effect to be voted out by merely voting on a collateral matter. A reading of such statutes clearly negatives such a conclusion. In this respect, it is settled as the law of this State that where a power is expressly given by the Constitution, and the

means by which, or the manner in which it is to be exercised, is prescribed, such means or manner is exclusive of all others. (See authorities cited in above mentioned case.)

You are respectfully advised that it is the opinion of this department that if the new Justice Precinct No. 1 desires to vote dry, it would be necessary to hold a separate election in Justice Precinct No. 1 and Justice Precinct No. 2 as they existed prior to their consolidation, and the form of the ballot to be used in the election held in the old Justice Precinct No. 1 should be as follows:

"For prohibiting the sale of all alcoholic beverages" and "Against prohibiting the sale of all alcoholic beverages."

The ballot to be used in old Justice Precinct No. 2 should be in the following form:

"For prohibiting the sale of all alcoholic beverages" and "Against prohibiting the sale of all alcoholic beverages."

You are further advised that the status of Justice Precinct No. 1 and Justice Precinct No. 2, if combined, remains the same in each justice precinct as it existed prior to the consolidation, and will remain in this status until changed by an election held in each of the respective former precincts.

Trusting that the foregoing answers your inquiry, we are,

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  Ardell Williams

Ardell Williams
Assistant

AW:LW

APPROVED DEC 7, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN